IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

DEVIN ELLIS,

    Petitioner,

vs.                                    No. 04-2993-Ma/P

REUBEN HODGE,

    Respondent.

_____

ORDER DIRECTING PETITIONER TO PAY $5 FILING FEE
AND
ORDER DIRECTING PETITIONER TO AMEND PETITION
_____

    Petitioner, Devin Ellis, prisoner number 281629, an inmate at the Mark Luttrell Correctional Center, filed a petition under 28 U.S.C. § 2254. She did not enclose an application to proceed <u>in forma pauperis</u> or pay the $5 filing fee. Inmates with at least twenty-five dollars must pay the five dollar habeas filing fee. Ellis has not submitted any information which demonstrates that she qualifies for pauper status. Accordingly, she is directed to pay the $5 filing fee within twenty days of the entry of this order.

    The Clerk of Court is ORDERED to file the petition on condition that the petitioner pay the filing fee within twenty (20) days of the entry of this order. The Clerk of Court shall record

the respondent as Reuben Hodge. The Clerk shall not issue any process.

Ellis alleges that she was sentenced as a "career offender" on November 8, 2000. She further alleges that she had previously been convicted of class D and E felonies on January 30, 1998. Ellis does not provide any information on the location of the courts in which she was convicted. She relates no history of appellate or post-conviction proceedings.

Twenty-eight U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

It is the practice of the federal district courts in Tennessee that all § 2254 petitions are to be heard in the district in which the conviction was obtained. Ellis' allegations fail to identify the district of her conviction.

Ellis filed this petition on December 8, 2004. Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B) (i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982). See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. Preiser v. Rodriguez, 411 U.S. 475, 477, 489-90 (1973).

Moreover, the state court must address the merits of those claims. Coleman v. Thompson, 501 U.S. 722, 734-35 (1991). If the state court decides those claims on an adequate and independent state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the petitioner is barred by this procedural default from seeking federal habeas review, unless she can show cause and prejudice for that default. See Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright, 433 U.S. at 87-88; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner confronted with either variety of procedural default must show cause and prejudice for the default to obtain federal court review of his claim. Teague, 489 U.S. at 297-99; Wainwright, 433 U.S. at 87-88. Cause for a procedural default depends on some "objective factor external to the defense" that interfered with the petitioner's efforts to comply with the procedural rule. Coleman, 501 U.S. at 752-53; Murray v. Carrier, 477 U.S. 478, 488 (1986).

A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298, 327 (1995)(quoting Murray, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id.

4

Ellis fails to relate the dates of any appeals or post-conviction proceedings or the issues presented. She has failed to demonstrate that she has exhausted the claim presented in this petition. Furthermore, her allegations are insufficient to demonstrate cause and prejudice if she has procedurally defaulted her claim.

Accordingly, Ellis is directed to file an amended petition, which identifies the court of her convictions, within twenty days of the docketing of this order. Petitioner is also directed to submit any documentation which reflects the issues raised and addressed in any appeals or post-conviction proceedings, the dates of those proceedings, and the court opinions, if available.

IT IS SO ORDERED this 1st day of February, 2006.

                                        s/ SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE

04-2993.Order.wpd